IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JANICE M. WHITE,<br>   *Plaintiff*, | § § § | |
| v. | § § | Case No. 6:16-cv-480-RC-JDL |
| CAROLYN W. COLVIN<br>ACTING COMMISIONER OF<br>SOCIAL SECURITY<br>   *Defendant*. | § § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On May 31, 2016, Plaintiff initiated the above entitled and numbered civil action pursuant to the Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On March 23, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") confirming that the decision of the Commissioner should be affirmed and the action be dismissed with prejudice. Docket No. 19. Plaintiff filed objections. Docket No. 20. No response to the objections has been filed. Having conducted a *de novo* review of the Magistrate Judge's Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. 28 U.S.C. § 636 (b)(1).

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's Residual Functional Capacity (RFC) findings as to Ms. White's reaching limitations are supported by substantial evidence, despite the ALJ not expressly specifying in his decision whether Ms. White's right upper extremity reaching limitation is occasional or frequent.

First, Ms. White argues that the ALJ had a statutory duty to adequately articulate his findings as to Ms. White's reaching limitation. Docket No. 20 at 2. Ms. White cites to 42 U.S.C.

1

§1383(c)(1)(A) which directs the Commissioner in issuing an unfavorable decision to set forth "a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based." *See id*. As thoroughly discussed in the Report, the ALJ considered Ms. White's examinations and treatments pertaining to her right upper extremity disability, the State Agency's functional assessments, Ms. White's own testimony, and the Vocational Expert's (VE) testimony. Docket No. 19 at 8–11. The Court finds that the ALJ met his statutory duty in articulating his findings as to Ms. White's non-exertional limitations.

Ms. White next argues that the Magistrate Judge erred in assuming that the ALJ concurred with the State Agency's reaching limitations. Docket No. 20 at 3. Ms. White states that the ALJ did not refer to the State Agency's non-exertional reaching limitation findings, and that therefore, "there is no basis to assume that he meant to." *Id*. While Ms. White is correct that the ALJ did not explicitly refer to the State Agency's non-exertional reaching limitation findings in his decision, his decision states that "the undersigned considered and concurs with the *administrative findings of facts* made by the State agency medical physicians that the claimant is capable of performing light work." Transcript at 19 (emphasis added). Those findings of facts include the non-exertional reaching limitations. Transcript at 65–66, 79.

As pointed out in the Report, the Fifth Circuit allows an ALJ to rely on a state examiner's function-by-function assessment of a claimant's exertional limitations when determining RFC. Docket No. 19 at 9 (citing *Onishea v. Barnhart*, 116 Fed. Appx. 1, 2004 WL 1588294, at \*1 (5th Cir. Jul. 16, 2004). Here, the ALJ relied on and affirmatively concurred with the state examiner's assessment in whole when determining Ms. White's RFC. Accordingly, the Court does not find that the Magistrate Judge erred in considering the ALJ's concurrence or adoption of the State Agency's examinations.

Lastly, Ms. White argues that the ALJ misinterpreted the VE's testimony, stating that the VE "explicitly testified that an occasional right overhead reaching limitation would preclude all light work." Docket No. 20 at 4–5. However, this testimony was in response to a different set of limitations than what the ALJ ultimately found, and it would be incorrect to rely on this testimony without context. *See* Transcript at 16. Ms. White even acknowledges in a footnote that "the ALJ's hypothetical in this instance had a more significant sitting limitation than the final RFC." Doc. No. 20 at 4, n.2. The VE did not testify that Ms. White would be precluded from all light work when presented with the hypothetical which the ALJ ultimately adopted. *See* Transcript at 53–54. The Court finds that the Magistrate Judge did not misinterpret the VE's testimony.

The Court agrees with the Magistrate Judge that the ALJ's RFC findings as to Ms. White's right upper extremity reaching limitations are supported by substantial evidence. Ms. White has not objected to the findings and recommendation in the Report relating to the mental RFC assessment.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 3rd day of May, 2017.**

_____
Ron Clark, United States District Judge